IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DEBRA BEECHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **RSH AND ASSOCIATES, LLC.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, DEBRA BEECHER, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the Defendant, RSH AND ASSOCIATES, LLC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. DEBRA BEECHER, (hereinafter, "Plaintiff") is an individual who resides in the City of Normandy, County of Normandy, State of Missouri.

5. RSH AND ASSOCIATES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri.  Defendant is registered as a limited liability company in the State of Kansas.

1

6. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

7. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

8. The debt that Defendant was attempting to collect from Plaintiff was, upon information and belief, a debt incurred for personal use and/or for household expenditure (hereinafter "the Debt").

9. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

11. In or around June 2013, Plaintiff and Defendant engaged in a telephone conversation, wherein Defendant attempted to collect the Debt from Plaintiff.

12. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff informed Defendant that she did not owe the Debt.

13. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff requested that Defendant stop calling her cellular telephone number.

14. Despite Plaintiff's request to Defendant to cease calling her cellular telephone number, from in or around June 2013, through August 2013, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff.

15. During the course of the aforesaid time period, the telephone calls initiated by Defendant were placed to Plaintiff's cellular telephone number.

16. During the course of the aforesaid time period, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff in an attempt to collect the Debt from Plaintiff.

17. During the majority of the aforesaid telephone calls, Defendant played an artificial or prerecorded voice message.

18. During the course of the aforesaid time period, and on multiple occasions therein, Defendant left voicemail messages on Plaintiff's cellular telephone.

19. Defendant's aforesaid voicemail messages played an artificial or prerecorded voice message.

20. Plaintiff has never provided Defendant with consent to initiate telephone calls to her cellular telephone number.

21. Plaintiff ascertained the multiple telephone calls were from Defendant by viewing the telephone number on the caller identification on Plaintiff's cellular telephone.

22. The caller identification on Plaintiff's cellular telephone identified that the multiple telephone calls had originated from Defendant.

23. The caller identification for the aforesaid telephone calls was 913-948-6764.

24. Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be harassing.

25. Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be abusive.

26. Plaintiff was upset, frustrated and inconvenienced at Defendant's conduct, as delineated above, by it initiating multiple telephone calls to Plaintiff's cellular telephone number.

27. Plaintiff has been substantially damaged by Defendant's telephone calls; her privacy was improperly invaded, she was charged for the telephone calls, and she was annoyed and frustrated by said calls.

28. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number in an attempt to offer Plaintiff certain legal services.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

## IV.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBRA BEECHER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

   c. Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

   d. Plaintiff's attorneys' fees and costs; and,

   e. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

30. Plaintiff hereby demands a trial by jury on all issues so triable.

                                  Respectfully submitted,
                                  **DEBRA BEECHER**

                       By:   s/ David M. Marco
                              Attorney for Plaintiff

Dated: October 4, 2013

David M. Marco (Atty. No.: 6273315IL)
SMITHMARCO, P.C.
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com